UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-342(1) (ADM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) GOVERNMENT'S MOTION TO STAY |
| | ) ORDER OF RELEASE FROM THE |
| v. | ) NORTHERN DISTRICT OF |
| | ) CALIFORNIA |
| MICHAEL ANTHONY ORTIZ, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and hereby moves this Honorable Court to stay the release order entered on December 14, 2022, in the Northern District of California concerning the defendant, Michael Anthony Ortiz.

I. Procedural History

On December 1, 2022, the defendant was indicted in this district and charged with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 1) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 9) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 10) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).   Doc. 1.

Counts 1 and 10 carry mandatory minimum terms of imprisonment of 10 years and a maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

The defendant was arrested in the Northern District of California on December 6, 2022. Doc. 38. He appeared before the Honorable Virginia K. Demarchi, United States Magistrate Judge, Northern District of California, on December 14, 2022, for a detention hearing. The Court ordered the release of the defendant on conditions of bond. Magistrate Judge Demarchi stayed the order of release until December 16, 2022, at 2:52 p.m., to give time for the government to appeal her release order. Filed contemporaneously with this motion to stay, is the government's motion to revoke the order of release pursuant to 18 U.S.C. § 3145(a)(1). The government hereby moves this Honorable Court to stay the order of release until such time as this Court can conduct a *de novo* detention hearing in the District of Minnesota.

II. Statement of Facts

The charges against the defendant stem from his criminal misconduct from in or about the fall of 2021 through in or about August 2022. During that time, the defendant was the leader of an extensive drug trafficking organization. Using a network of co-conspirators, he sent methamphetamine on numerous occasions to various members of his drug organization in Austin, Minnesota, and surrounding communities. During most of this time, the defendant lived in California, but he would make frequent trips to Minnesota to look after the drug enterprise and to coordinate with his drug associates. He supplied his four-codefendants and many more unindicted co-conspirators with dozens, if not hundreds, of pounds of high purity methamphetamine during the period of the

conspiracy. The defendant typically received payment for the drugs through wire transfers sent from Austin to California to him or his California-based drug associates.

The government's evidence will show that in August 2022, the defendant sent a package containing four pounds of methamphetamine to "JJ," who was one of the defendant's trusted drug customers. Per his standard practice, the defendant sent the package to another person's address; but, the package was intercepted by a rival drug trafficker, Benjamin Moreno. This ultimately led to a shoot-out between Moreno and "JJ" in which Moreno shot and killed "JJ." Moreno was subsequently charged with his murder in Mower County, Minnesota, and is pending trial.

The defendant has an extensive criminal record, which includes convictions for assault with a deadly weapon (1998), two convictions for driving under the influence (2005 & 2007), possession of a controlled substance (2006), selling ammunition to a minor (2007), possessing a controlled substance for sale (2007), participating in a criminal street gang (2011) (for which he received a 14-year prison sentence), and numerous driving-related offenses. *See* California Pretrial Service Pre-Bail Report (hereinafter "Pre-Bail Report") (provided to chambers). Significantly, the defendant has also been cited for at least two failures to appear and numerous probation violations. *Id.*

After his recent release from serving his 14-year prison sentence, the defendant was placed on court supervision. A California parole agent has reported "that although the defendant tested clean and would show up to office visits, he was often dishonest with her while on her supervision." *Id.* She also reported "that at the tail end of his supervision he would wait until she completed her monthly home visit before he would travel to

3

Minnesota without permission." *Id.* Finally, the defendant is a member of the Norteño gang, which is linked to several acts of violence over the last several years. *Id.*; *see, e.g.,* https://en.wikipedia.org/wiki/Norte%C3%B1os#Criminal_activity (accessed on Dec. 15, 2022). Notably, as mentioned above, the defendant himself was convicted for participating in gang violence, presumably as a member of the Norteño gang.

### III. Argument

#### A. Legal Framework

After the arrest of a person who is charged with a controlled substance offense that carries a maximum term of imprisonment of ten years or more, a judicial officer must conduct a detention hearing to determine whether any condition or combination of conditions of bond will reasonably assure the appearance of the person and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(1)(C). The factors the judicial officer must consider are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing,

appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

A rebuttable presumption of detention applies for an offense of this nature. 18 U.S.C. § 3142(e)(3)(A). "[A] defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

Pretrial detention may be ordered either upon (1) a showing by clear and convincing evidence that release will result in a danger to the community; or (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See Abad*, 350 F.3d at 797; *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

If, after the detention hearing, a magistrate judge orders the release of a defendant, the government may file a motion for revocation of the release order "with the court having original jurisdiction over the offense." 18 U.S.C. § 3145(a)(2). In this case, such a motion would be heard by the district judge assigned to the case in the charging district, that is, the Honorable Ann D. Montgomery, United States District Judge, District of Minnesota. *See, e.g., United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006);

*United States v. Harrison*, 396 F.3d 1280, 1281 (2nd Cir. 2005); *United States v. Cisneros*, 328 F.3d 610, 615-16 (10th Cir. 2003); *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996); United States v. Evans, 62 F.3d 1233, 1239 (9th Cir. 1995); *but see United States v. Johnson*, 103 F.3d 131 (6th Cir. 1996) (unpublished). A district court may stay the order of release until a hearing can be held on the motion to revoke it. *See, e.g., United States v. Kimmy*, Criminal No. 17-107(6) (DWF/TNL), 2018 WL 3325906, at *1 (July 6, 2018). The motion for revocation must be determined promptly and is subject to *de novo* review by the district court. *See United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) ("[T]he court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release.").

    B.    <u>The Defendant Is a Danger to the Community and Poses a Serious Risk of Flight</u>

In this context, and considering the factors outlined in § 3142(g) and the presumption of detention, the need for the defendant's detention is compelling. There are simply no conditions or combination of conditions of bond that would reasonable assure his appearance at future hearings or the safety of the community.

    1.    <u>The Nature and Circumstance of the Offense</u>

The charges against the defendant are particularly serious. In fact, Congress has deemed them so serious as to mandate a sentence of not less than 10 years' imprisonment upon conviction. *See* 21 U.S.C § 841(b)(1)(A). Further, in cases involving 4.5 kilograms or more of actual methamphetamine, as is the case here, the Sentencing Commission has specified a base offense level of 38. S*ee* USSG § 2D1.1(c)(1). On top of this, if

convicted, the defendant would likely receive at least a three-level enhancement for his role in the offense. *See* USSG § 3B1.1(b). This would result in a total offense level of 41 and a guideline range of 360 months to life. *See* USSG Ch. 5, Pt. A (Sentencing Table). For these reasons, the charges against the defendant, standing alone, would provide a sufficient basis to detain him.

2. The Weight of the Evidence

Although a defendant is afforded with the presumption of innocence during a detention hearing, *see* 18 U.S.C. § 3142(j), there is a strong likelihood that the defendant will be convicted of the offenses. The evidence against him is simply overwhelming. The government has over a dozen co-conspirator witnesses it could call against him. In addition, investigators obtained recorded drug-related conversations between the defendant and his drug customers, postal data establishing that dozens of drug packages were sent by the defendant and his co-conspirators from California to Minnesota, and numerous money wire transfers sent to the defendant and his California-based associates.

3. The History and Characteristics of the Defendant

As discussed above, the defendant has a serious criminal record. Perhaps most troubling is his 14-year-jail-sentence gang conviction followed almost immediately by his misconduct in this case. The defendant was deceptive with his parole officer, which undoubtedly enabled him to travel to Minnesota to look after the affairs of his drug trafficking organization while he was on parole. Moreover, the defendant has significant ties to a gang known for violence.

4. <u>The Nature and Seriousness of the Danger to any Person or the Community</u>

The defendant's drug trafficking activities and his violent past demonstrate that he poses a serious danger to other persons and the community if he is released. In fact, this very case involved a homicide linked to the defendant's drug trafficking activities. While criminal charges tend to curb a defendant's continued misconduct, there is no guarantee that the defendant will discontinue his drug trafficking activities. Now facing a lengthy sentence, there is no telling what the defendant's motivations might be if released on bond.

For these reasons, there are no conditions or combination of conditions that would reasonably assure the defendant's appearance and the safety of any other person and the community if he were released on bond.

WHEREFORE, the government respectfully asks this Honorable Court to stay the order of release concerning the defendant and order that the defendant be temporarily detained until the Court can conduct a *de novo* detention hearing in the District of Minnesota once the defendant is transported to the district by the United States Marshals Service.

Dated:   December 15, 2022                Respectfully submitted,

                                          ANDREW M. LUGER
                                          United States Attorney

                                          s/*Thomas M. Hollenhorst*
                                          BY: THOMAS M. HOLLENHORST
                                          Assistant United States Attorney
                                          Attorney ID No. 46322

8